Paris & Great Northern Railway Company v. Callie Calvin.

No. 1781. Decided January 22, 1908.

**1.—Railway—Frightening Horse—Unnecessary Whistle.**

The rulings herein on appeal affirmed, sustaining a recovery for injury caused by the unnecessary and loud sounding of a locomotive whistle at a street crossing, which alarmed plaintiff's horse and caused it to run away and injure her, and was done by employees who saw plaintiff's position and proximity to the crossing. (P. 292.)

**2.—Same—Charge.**

An instruction which submitted the issue of negligence in the unnecessary sounding of a whistle, causing plaintiff's horse to run away, and instructed the jury to find for defendant in the absence of such negligence was sufficient to justify the refusal of a charge relieving defendant from liability if the fright was caused by the ordinary noise of the approach of the train. (P. 292.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Lamar County.

Callie Calvin sued the railway and recovered judgment, which was affirmed on appeal by defendant, who then obtained writ of error.

*Edgar Wright, C. H. Yoakum* and *L. F. Parker,* for plaintiff in error.

*McGrady & McMahon,* for defendant in error.

Mr. Justice Brown delivered the opinion of the court.

By her father as next friend, Callie Calvin, a minor, instituted this suit against the Paris & Great Northern Railway Company, in the District Court of Lamar County, to recover damages for personal injuries alleged to have been inflicted upon her at the crossing of a public street in the city of Paris through the negligence of the employes of the railway company engaged in operating a train of cars upon its tracks, and through such negligence, causing a horse which was being driven by Callie Calvin and her sister, to run into the train at said crossing whereby she received the injuries alleged. At the trial before a jury plaintiff recovered a judgment, which was affirmed by the Court of Civil Appeals. The Court of Civil Appeals states the facts found by them as follows:

"The evidence shows that on the morning of July 2d, 1904, Callie Calvin and her sister, Lillie, aged respectively 13 and 11 years, were driving in a buggy with an old gentle horse, partially blind, along Shiloh street, in the city of Paris, and when approaching the

railroad crossing on said street and within 30 or 40 yards of said crossing they saw one of appellant's trains coming from the north about 80 or 90 yards away, and stopped the horse to let the train pass. The horse threw down its head to eat grass. When the train reached the crossing it gave a loud, keen whistle, which frightened the horse and caused it to run into the train, killing the horse and seriously injuring the two girls. The train did not give the statutory signals for the crossings."

The judge of the District Court submitted this case to the jury on the question of negligence of the defendant's employes who were engaged in operating the train at the time, in unnecessarily causing the locomotive to give an unusual and loud blast or whistle when it was crossing Shiloh street in the city of Paris near which plaintiff and her sister were sitting in a buggy waiting for the train to pass in order that they might cross over the railroad track. It is unnecessary for us to determine whether it was the duty of those operating the train to keep a lookout at such place for persons who might be near the crossing of the railroad track, because the engineer and the fireman both testified that they were keeping such lookout at the time for the purpose of discovering persons who might be crossing the said railroad track at that place, and the fireman testified that he did see the plaintiff and her sister sitting in the buggy near the track. Both testified that there was no loud blast of whistle nor any unusual noise at the time the train crossed Shiloh street, but there was evidence contrary which justified the court in submitting the issue to the jury. The charge complained of was justified by the evidence of the fireman and the engineer.

The plaintiff in error has presented many assignments of error but we do not deem it necessary to discuss them in detail. The plaintiff in error asked of the court the following charge: "Should you believe from the evidence that the horse drawing the buggy in which plaintiff was at the time of the accident became frightened at the ordinary noise made by defendant's train in approaching the said crossing and caused the injury to the plaintiff, you are instructed to return a verdict for the defendant." The charge ignores the fact that an unusual and unnecessary blast of the whistle may have been given and may have cooperated in causing the fright. In the main charge the court instructed the jury as follows: "4. The court further instructs you that if you believe from the evidence that the injuries, if any, received by the plaintiff, were not caused by negligence as herein defined on the part of the defendant, its servants or employes . . . then you will find for the defendant." This charge was more definite with regard to the facts which were actually submitted to the jury than the one requested, and we are of opinion that it rendered the special charge unnecessary. We have carefully examined all of the assignments and we find no reversible error in the proceedings of the trial court. The judgments of the District Court and Court of Civil Appeals are therefore affirmed.

*Affirmed.*